UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | Cr. No. 20-CR-227(TSC) |
| KHALED HAMDAOUI | : | |
|    also known as JAN ROSSO | : | Sentencing: July 20, 2022 |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this supplemental memorandum in aid of sentencing.

The defendant filed a Sentencing Memorandum (ECF 20) on July 16, 2022, in which he maintains, on Pages 8-9, that he should be given credit for five months of time served in Germany based upon offenses for which he was convicted of in Germany. The defendant is not entitled to credit for time he served in the German case, nor should he receive any such consideration – particularly since the United States was prevented from pursuing the criminal conduct supporting the German charges, as part of the extradition agreement with Germany.

The defendant was arrested on November 17, 2019, in Austria in connection with a German criminal investigation and arrest warrant. He was transferred to Germany for criminal prosecution and on April 15, 2020, a German Court sentenced the defendant to a term of imprisonment of one year and four months in Germany for acquiring false identification documents and smuggling aliens. After serving 5 months in jail the defendant's remaining sentence was suspended and he was released in Germany.

1

On December 18, 2020, the defendant was arrested in Germany, in connection with this case pursuant to an extradition request, and on February 17, 2022, he was extradited the United States.  Despite being convicted in Germany for conduct similar to the conduct for which he was charged in this case, he is not entitled to credit for time he served in connection with the German case, nor is any consideration for such time appropriate in this case.

    a.  <u>A Prisoner is Not Entitled to Credit Against a Federal Sentence for Time Already Credited Against Another Sentence.</u>

The relevant statute, 18 U.S.C. § 3585(b), provides that:

"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence.*"

18 U.S.C. § 3585(b) (emphasis added). In plain language, §3585(b) expresses that, in order to receive credit towards a federal sentence for time spent in detention, whether it be time spent in federal, state, or foreign custody, a defendant must satisfy the requirements of either §3585(b)(1) or (b)(2), *and* he must not have already received credit towards some other sentence for the time he was held in custody. *United States v. Merritt*, 782 F. Supp. 12 (D. Mass. 1992); 18 U.S.C. § 3585(b).

The Supreme Court has explained that when Congress enacted this statute, it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In addition, the Bureau of Prisons ("BOP") Program Statement No.

2

5880.28 states that "credit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." PS 5880.28, at 1–16, 1–17, 1–21. Though "BOP's internal agency guideline[ ] is akin to an interpretive rule that does not require notice and comment, [it] is still entitled to some deference." *Reno v. Koray*, 515 U.S. 50, 61 (1995) (citation and quotation marks omitted).

Lower courts, applying the interpretations of the Supreme Court and BOP guidelines, have consistently held that time spent in detention fulfilling a sentence received in a different jurisdiction cannot be credited again toward fulfilling a new sentence. *See, e.g., United States v. Efrosman*, 62 Fed. Appx. 24 (2d Cir. 2003) (holding that the defendant was not entitled to credit against his federal sentence for time spent incarcerated in a French prison because the totality of the defendant's 15-month incarceration in France was credited against the totality of the 15-month French sentence imposed, and Section 3585(b) precludes him from also receiving 15-months confinement credit against his federal sentence in the United States); *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001) (holding that petitioner could not receive credit against a federal sentence for the time he spent serving two concurrent state sentences because that time was already credited towards his two concurrent state sentences; such "double credits" are not allowed); *Easley v. Stepp*, 5 Fed. Appx. 541 (7th Cir. 2001) (finding that the petitioner could not receive credit against his federal sentence for time spent serving his state sentence since that time counted as credit towards his state sentence); *Scruggs v. Adkinson*, 423 Fed. Appx. 858 (11th Cir. 2011) ("[C]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign") (citing BOP Program Statement No. 5880. 28); *United States v. Blue*, 874 F. Supp. 409, 413 (D.D.C. 1995) (finding that the defendant was not entitled to credit for time served as of the date of her arrest for the federal charge of forgery,

3

because at that time she was, in fact, in custody as a result of her D.C. parole violation); *Robinson v. Drew*, No. 9:03-CV-1139, 2006 WL 1064180, at *2 (N.D.N.Y. April 20, 2006) (holding that Robinson could not be given credit for time previously served in state prison, though it was for similar conduct, because that time served was credited toward his state sentence).

Furthermore, even if the court were to assume, arguendo, that § 3585(b) is "silent or ambiguous" as to whether a foreign sentence qualifies as "another sentence," the BOP's construction of the statute is reasonable and is therefore entitled to deference. *See Dawson v. Scott*, 50 F.3d at 884, at 886–87 (11th Cir. 1995); *Scruggs*, 423 Fed. Appx. at 861.

Alternatively, courts will give credit towards a federal sentence for time spent in detention when the person meets the requirements of either §3585(b)(1) or (b)(2), *and* that time has not been credited against any other sentence. For example, in *United States v. Benefield*, the defendant requested a credit against a federal sentence for the time spent in state custody prior to the commencement of his related federal sentences. *United States v. Benefield*, 942 F.2d 60, 67 (1st Cir. 1991). The court granted credit for the time the defendant spent detained *prior* to the sentence, since that time had not been credited against his state sentence. Importantly, though, the court did not hold that time actually served for the state sentence could be credited towards the federal sentence. *Id; see also Hughes v. Slade*, 347 F. Supp. 2d 821 (C.D. Cal. 2004) (finding that the petitioner was entitled to credit against his federal sentence for time he spent detained in Mexico, even though the charges were different, since he met the requirements of § 3585(b)(2) *and* he had not received credit towards any sentence for the time he was detained in Mexico; the petitioner was detained in Mexico for over three years but, during an appeals process, while out on bond, he returned to the United States before his Mexican sentence began and therefore when he was

sentenced in the United States, he had not yet received credit towards any sentence for his time detained in Mexico).

In this case, the defendant was convicted of acquiring false identification documents and smuggling aliens in a German court and sentenced to a suspended sentence of one year and four months.
Because the of time served in connection with the German case has been previously credited towards the fulfillment of his German sentence, neither statute, BOP guidelines, nor common law, entitle him to now receive "double credit" against his federal sentence.

      b. <u>The Defendant Should Not Receive a Downward Departure for Time He Previously Served in Germany.</u>

While the sentencing court does not have authority to credit a prior sentence pursuant to 18 U.S.C. § 3585(b), the court does "retain residual authority" to consider a defendant's time in custody. *In re United States Bureau of Prisons*, 918 F.3d 431, 438-39 (5th Cir. 2019) (citing *United States v. Hankton*, 875 F.3d 786, 792 (5th Cir. 2017)). If the court determines that the BOP will not credit a defendant's prior time served, the court can reduce the defendant's sentence under § 5G1.3(b) or § 5K2.23 of the U.S. Sentencing Guidelines. Id. But the district court must calculate the defendant's final sentence itself; it cannot simply order the BOP to award credit. Id.

In this case, because the defendant's prior sentence in Germany has been fully discharged, the applicable sentencing guideline is § 5K2.23. Under § 5K2.23, if the defendant has served a prior sentence for related conduct, a downward departure "may be appropriate" and "any such departure should be fashioned to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5K2.23.

For the reasons more fully described in the Government's sentencing memorandum, "a reasonable punishment for the instant offense" is 24 months imprisonment. Specifically, such a sentence would reflect the serious nature of the offense, provide deterrence for future criminal conduct, and avoid unwarranted sentence disparities with similar cases.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   /s/ Brenda J. Johnson
Brenda J. Johnson
Assistant United States Attorney
D.C. Bar No. 3707373

KENNETH A. POLITE, JR.
Assistant Attorney General
Criminal Division

By:   /s/ Brian Morgan
Brian Morgan
Trial Attorney
NY Bar No. 4276804